UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FIRST    SPECIALTY    INSURANCE
CORPORATION,

                    Plaintiff,

vs.                                    Case No.   2:04-cv-461-FtM-33SPC

NORTHLAKE FOODS, INC., d/b/a/ Waffle
House, and WILLIAM DUNN,

                    Defendants.
_____

**ORDER**

     This  matter  comes  before  the  Court  on  Motion  for  Partial
Summary  Judgment  (Doc.  #29)  filed  on  February  23,  2005  by  First
Specialty  Insurance  Corporation.   Northlake  Foods,  Inc.  and  William
Dunn  filed  a  Memorandum  in  Opposition  (Doc.  #43)  on  March  28,  2005.
Also  before  the  Court  is  Motion  to  Strike  Respondents'  Opposition
to  First  Specialty's  Motion  for  Partial  Summary  Judgment  (Doc.  #46)
filed  on  April  1,  2005.   Northlake  and  Dunn  filed  a  Memorandum  in
Opposition  (Doc.  #50)  on  April  7,  2005.   Upon  review  of  the
motions,  the  Court  finds  that  the  motion  to  strike  should  be  denied
and  the  motion  for  partial  summary  judgment  should  be  granted.

**I.   MOTION TO STRIKE**

     First  Specialty  moves  to  strike  the  Memorandum  in  Opposition
to  its  Motion  for  Partial  Summary  Judgment  (Doc.  #43)  on  the
grounds  that  it  makes  references  to  Dunn's  affidavit  and  Patricia
Dehay's  deposition  testimony.   (Doc.  #46.)   First  Specialty

contends that the affidavit and deposition contradict prior deposition testimony offered in the underlying action between Dunn, Northlake, and Patricia Dehay.   (Doc. #46 at 2.)   In the alternative, First Specialty seeks to strike fact section II, A and argument sections III, A and B, in the Memorandum in Opposition (Doc. #43).  (Doc. #46 at 4.)  Northlake and Dunn counter that the issue in the underlying action was whether Dehay was an employee for workers' compensation purposes.   (Doc. 350 at 2.)   In this case, the issue is whether Dehay is an employee injured in the scope of her employment or whether she was a temporary worker. (Doc. #50 at 2.)

"A motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Story v. Sunshine Foliage World, Inc., 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000), citing Seibel v. Society Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997).  The affidavit of Dunn and the deposition of Dehay have a clear relation to this case.   The arguments raised in the Memorandum in Opposition (Doc. #43) using the affidavit and deposition are necessary for the Court's determination of the Motion for Partial Summary Judgment.  Consequently, the Motion to Strike (Doc. #46) is denied.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude grant of summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996)(citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)).  A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.  Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

"When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and

admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffrey v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995)(citing Celotex, 477 U.S. at 324).   If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor.  Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003).  If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment.  Samples *ex rel.* Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988)(citing Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)).

**III.  BACKGROUND**

For the purposes of deciding this motion for summary judgment, the Court accepts the following facts as true.  First Specialty issued a Surplus Lines Policy, including commercial general liability coverage, to Northlake on January 1, 2002.  (Doc. #24 at 2.)  Dehay was employed by Northlake at its Waffle House Restaurant in Port Charlotte, Florida.  (Doc. #24 at 2.)  On July 15, 2002, Dehay was cleaning the Waffle House with a pressure washer.  (Doc. #24 at 2.)  She was exposed to carbon monoxide and suffered permanent brain damage.  (Doc. #24 at 2.)

On September 18, 2003 Dehay and her husband, Robert Dehay, initiated suit against Northlake and Dunn in the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida.  (Doc. #24 at 2.)  First Specialty agreed to handle the claim against Northlake, but reserved the right to disclaim coverage under the Policy.  (Doc. #24 at 2.)  The suit was settled and Dehay received $750,000.  (Doc. #43-2 at 4-5.)

On February 3, 2005, First Specialty filed an Amended Petition for Declaratory Judgment against Northlake.  (Doc. #24.)  First Specialty seeks a ruling that it has no duty to defend Northlake and Dunn in the Dehay action because coverage is barred by the employers liability exclusion and the pollution exclusion.  (Doc. #24 at 5.)  In its Amended Petition (Doc. #24), First Specialty also seeks a declaratory judgment that it does not have a duty to indemnify Northlake, since it does not have a duty to defend. (Doc. #24 at 6.)

## IV.  ANALYSIS

First Specialty moved for partial summary judgment claiming that there is no genuine issue of material fact that Dehay was performing duties related to the conduct of Northlake's business at the time of her injury.  (Doc. #29.)  Since the Policy expressly excludes bodily injury to an employee while performing duties related to the conduct of Northlake's business, First Specialty seeks partial summary judgment that it has no duty to indemnify Northlake and Dunn.  (Doc. #29 at 2.)  Northlake counters that the

status of Dehay on the date of her injury is in dispute, creating

a genuine issue of material fact in preclusion of summary judgment.

(Doc. #43.)    Northlake   contends   Dehay   was   functioning   as   a

temporary worker on the day of her injury.   (Doc. #43 at 2.)

Temporary workers are expressly excluded from the employee bodily

injury exclusion of the Policy.   (Doc. #43 at 2.)

Insurance   contract   construction   is   governed   by   state

substantive law.   Provau v. State Farm Mutual Auto. Ins. Co., 773

F.2d 817, 819 (11th Cir. 1985).   While there may be conflict as to

which state contract law applies, Florida or Georgia, the parties

have agreed that for purposes of this motion, the possible conflict

of law need not be addressed.   (Doc. #43 at 5.)   "Under the *Erie*

doctrine, a federal court adjudicating state law claims applies the

substantive law of the state."   Ungaro-Benages v. Dresdner Bank AG,

379   F.3d   1227,   1232   (11th   Cir.   2004)(citing   Erie   R.R.   Co.   v.

Tompkins, 304 U.S. 64 (1938)).   In Florida, "insurance contracts

must be construed in accordance with the plain language of the

policy."    Sphinx   Int'l,   Inc.   v.   Nat'l   Union   Fire   Ins.   Co.   Of

Pittsburgh, PA, 412 F.3d 1224, 1227 (11th Cir. 2005)(citing Swire

Pac. Holdings, Inc. v. Zurich Ins. Co., 845 So.2d 161, 165 (Fla.

2003).   If there is no ambiguity, the plain meaning of the policy

controls.   Sphinx, 412 F.3d at 1228.

The Policy contains the following exclusion:

> e. Employer's Liability
> 'Bodily injury' to:
> (1) An 'employee' of the insured arising out
> of and in the course of:
> (a) Employment by the insured; or

        (b) Performing duties related to the conduct
        of the insured's business . . .
        This exclusion applies:
        (1) Whether the insured may be liable as an
        employer or in any other capacity.

(Doc. #30-2 at 3.)   Under the definitions of the Policy, an "employee includes a 'leased worker.'  'Employee' does not include a 'temporary worker.'" (Doc. #30-2 at 12.)   A "temporary worker means a person who is furnished to you to substitute for a permanent 'employee' on leave or to meet seasonal or short-term workload conditions."   (Doc. #30-2 at 14.)

First Specialty contends that Dehay was injured while performing duties related to the conduct of Northlake's business. Vicky Morrison, the manager of the Port Charlotte Waffle House where Dehay was injured stated that the Waffle House conducted monthly inspections to maintain a level of cleanliness at the restaurant. (Doc. #30-6 at 11.)   Morrison further stated that employees were made aware of the fact that the cleaning needed to be done and were to be performed without payment.  (Doc. #30-6 at 14.)   The employees volunteered to do the cleaning.  (Doc. #30-6 at 15.)

In her affidavit, Erin Cockley, Vice President of Northlake, declared that Dehay was participating in cleaning activities at the Waffle House on July 15, 2002 as a Northlake employee.  (Doc. #46-2 at 1-2.)  Cockley furthered explained that cleaning in preparation for an inspection is an activity that is company approved and sponsored.  (Doc. #46-2 at 3.)  A clean restaurant was essential to Dehay's continued employment with Northlake as inspections for

cleanliness were conducted by both Northlake and local and state health departments.  (Doc. #46-2 at 4.)

Dehay indicates that Morrison asked her to come in to clean on July 15, 2002 in preparation for the inspection.  (Doc. #43-2 at 5.) She was operating a pressure washer to clean the floors when she was injured.  (Doc. #43-2 at 5.)

Northlake counters that while Dehay was cleaning at the Waffle House on July 15, 2002, she was doing so as a temporary employee. (Doc. #43 at 2-4.)  Dehay was a waitress and operating a pressure washer was not part of her usual employment duties.  (Doc. #43-2 at 5, 10, and 14-15.)  In his affidavit, Dunn, the district manager for Northlake, submitted that business at the Waffle House is seasonal because of the location.  (Doc. #44 at 1-2.)  Deep cleaning, as performed by Dehay on the day of her injury, could only be done in the summer off season.  (Doc. #44 at 2.)

From all of the evidence presented, it is clear that there is no genuine issue of material fact as to Dehay's status on the day of her injury.  Dehay was functioning as a Northlake employee performing duties related to the conduct of the Waffle House restaurant.  While Northlake contends that Dehay was a temporary worker, the Policy expressly states that a temporary worker is a "person who is furnished to you."  This exclusion does not apply as Dehay was not furnished to Northlake as seasonal help.  She was a permanent employee of Waffle House cleaning in preparation for an inspection.  Dehay's efforts undoubtedly helped the Waffle House to pass the inspection.

Because there is no genuine issue of material fact as to whether Dehay was performing duties related to the conduct of Northlake's business at the time of her injury, First Specialty is entitled to partial summary judgment as to the issue that the Policy exclusion for bodily injury to an employee applies.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1.   First Specialty's Motion to Strike Respondents' Opposition to its Motion for Partial Summary Judgment (Doc. #46) is **DENIED.**

2.   First Specialty's Motion for Partial Summary Judgment (Doc. #29) is **GRANTED.**

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this _31st_ day of August, 2005.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record