UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FIRST SPECIALTY INSURANCE
CORPORATION,

                  Plaintiff,

vs.                            Case No.   2:04-cv-461-FtM-33SPC

NORTHLAKE FOODS, INC., d/b/a/
Waffle House, and WILLIAM DUNN,

                  Defendants.
_____

## ORDER

This matter comes before the Court on Petitioner First Specialty Insurance Co.'s Motion in Limine on Estoppel (Doc. # 73). Respondent has filed a Consolidated Memorandum in Opposition to Petitioner's Motion in Limine (Doc. # 80).

### I. BACKGROUND

First Specialty issued Northlake a Surplus Lines Policy, including commercial general liability coverage, on January 1, 2002. (Doc. # 24, at ¶ 2). On or about September 18, 2003, Patricia Dehay and Robert Dehay initiated a suit against Northlake, alleging that Patricia Dehay was permanently injured due to an accident that occurred on the premises of Northlake's property, a Waffle House. After receiving notice of the suit, Northlake gave the suit papers to GAB Robins, its adjuster firm, in September 2003. (Doc. # 80, p. 6). On October 30, 2003, general counsel for Northlake participated in a conference call with Sony Bacon, who

1

was the claims adjuster for First Specialty, and Cassie Linaweaver, who was a claims adjuster for Ward North America. (Doc. # 80, p. 6). At the time, Ward North America was First Specialty's representative. (Doc. # 80, pp. 6-7). Linaweaver, on behalf of First Specialty, instructed Bacon to hire an attorney and assured her that First Specialty would provide Northlake with a defense. (Doc. # 80, p. 7). Bacon then hired Joseph Perzan to defend Northlake in the underlying suit. (Doc. # 80, p. 7).

On November 4, 2003, Linaweaver sent a letter to Northlake, which stated that First Specialty reserved its rights to disclaim coverage if it was determined that Dehay was working as an employee on the date she was injured. (Doc. # 80, p. 7). The letter did not say that First Specialty would not provide Northlake with a defense. (Doc. # 80, pp. 7-8).

Perzan sent reports to Ward North America from that point on, until May or June of 2004, when Ward North America turned the file over to First Specialty. (Doc. # 80, p. 8). On June 10, 2004, Ramon Townsend, who was employed by First Specialty as both the liability adjuster and the claims adjuster for the file, wrote to Bacon and acknowledged receipt of the file. (Doc. # 80, p. 8). Townsend's letter also stated that he "looked forward to working with" Perzan and Bacon, and he "will coordinate" with Perzan. (Doc. # 80, p. 8).

On July 16, 2004, Perzan wrote Townsend and provided him with information about the Dehay lawsuit, including his defense strategies. (Doc. # 80, p. 9). Two weeks later, Townsend informed

2

Northlake that First Specialty was denying indemnity. (Doc. # 80, p. 9). In that letter, Townsend stated that "First Specialty will continue to defend, but not indemnify, you with respect to the Dehay lawsuit." (Doc. # 80, pp. 8-10). Despite its promises to defend, on December 22, 2004, First Specialty notified Northlake that the insurance company would not provide a defense for Northlake.

## II. **DISCUSSION**

In its Memorandum of Law in Support of Its Motion in Limine on Estoppel (Doc. # 73-2), First Specialty argues that Northlake should be precluded from arguing the issue of estoppel at trial. Both parties agree that according to Georgia law, the general rule is that waiver and estoppel cannot create coverage where it otherwise does not exist. (Doc. # 80, p. 10; Doc. # 73, p. 2). Both parties also agree that one exception to this general rule exists: "where an insurer, without reserving its rights, assumes the defense of an action or continues such defense with knowledge, actual or constructive, of noncoverage." Prescott's Altama Datsun, Inc. v. Monarch Ins. Co. of Ohio, 319 S.E.2d 445, 446 (Ga. 1984). For waiver and estoppel to apply, the insured must also demonstrate that it was prejudiced when the insurer defended is action. Home Indem. Co. v. Godley, 177 S.E.2d 105, 110 (Ga. Ct. App. 1970).

The first question in this case is whether First Specialty ever assumed the defense of Northlake in the underlying action.[1]

---

[1] Northlake also argues in its Consolidated Memorandum that First Specialty should be barred from asserting coverage defenses

A review of the applicable Georgia case law reveals that First Specialty's actions do not constitute an assumption of Northlake's defense such that the principles of estoppel and waiver should apply. The Georgia Court of Appeals has held that "an entry of an appearance for the insured by the insurer does not of itself constitute a waiver of available defenses. And the insurer may withdraw from the defense upon learning of facts which constitute a policy breach, and no waiver or estoppel will arise." Home Indem. Co., 177 S.E.2d at 110. Although in dissent, at least one Georgia Supreme Court justice stated that when an insurer began settlement negotiations, retained outside counsel for the insured, and obtained an extension of time to file the answer, those actions were not enough to be considered a "defense" because "the

---

because a conflict of interest arose when Ramon Townsend acted as a liability adjuster for Northlake and a coverage adjuster against Northlake. Northlake's argument is deficient in that it fails to offer any case law in support of its claim that an adjuster's conflict of interest would bar First Specialty from asserting coverage defenses under the doctrines of estoppel and waiver. Northlake apparently suggests that this court adopt the reasoning of the Fifth Circuit in several attorney-client conflict of interest cases; however, the relationship between an attorney and her client is unique and cannot be accurately paralleled with that of an insurance company and an insured. This court is not prepared to apply the law of attorney-client conflict of interest to this case, which deals with the alleged conflict between an insurance agent's dual role as a liability adjuster and a coverage adjuster.
   As stated in both parties' briefs, Georgia has found only one exception to the rule that waiver and estoppel cannot create coverage, and that exception is noted above. Under Georgia law, the existence of an adjuster's purported conflict of interest is not an exception to the general rule that waiver and estoppel cannot create coverage. For these reasons, this Court declines to address Northlake's waiver and estoppel arguments in relation to Townsend's alleged role as a "double-agent."

commencing point of the defense [is] when formal pleadings [are] filed." Gibson v. Preferred Risk Mut. Ins. Co., 467 S.E. 2d 334, 371 (Ga. 1996)(Behman, J. dissenting); see also Prescott's Altama Datsun, Inc., 317 S.E.2d at 849 (Ga. 1984)(McMurray, J., dissenting)("Apparently an insurer's counsel 'assumes' the defense of an action when he files defensive pleadings on behalf of the insured."); State Farm Mut. Auto. Ins. Co. v. Wheeler, 287 S.E.2d 281, 283-84 (Ga. Ct. App. 1981)(finding that in the case at bar "[t]here [was] . . . no evidence which would support a finding that appellant had ever 'assumed' the defense of the tort action by filing defensive pleadings . . ."). In this case, Northlake claims that First Specialty told it to "go ahead and hire an attorney and that First Specialty would provide a defense." (Doc. # 80, p. 13). Northlake makes no allegation that First Specialty did anything beyond instructing Northlake to hire a lawyer and making multiple promises to provide a defense. (Doc. # 80, pp. 11-13). Northlake has presented nothing to this Court that suggests that First Specialty filed a defensive pleading, or engaged in any other behavior that Georgia would recognize as assumption of the defense; therefore, this Court must conclude that First Specialty did not assume Northlake's defense.

Even if Northlake had shown this Court that First Specialty had assumed its defense, there is nothing to indicate that Northlake suffered prejudice. The Georgia Court of Appeals held that no prejudice resulted when an insurer hired a lawyer to defend, allowed the answer to be filed, and subsequently gave

5

written notice to the insured that there was no coverage and that the insurer would not provide a defense.  Vara v. Essex Ins. Co., 604 S.E.2d 260, 261-62 (Ga. Ct. App. 2005).  Similarly, there was also no prejudice when an attorney for the insurer entered an appearance for the insured, later determined that there was no coverage under the insurer's policy, and then withdrew himself from the case.  Home Indemnity Co., 177 S.E.2d at 110.

The insurers in the above-mentioned cases had taken steps far beyond the steps taken by First Specialty in this case.  It would be inopposite for this Court, then, to find that First Specialty prejudiced Northlake's case, when First Specialty apparently did nothing, short of mere promises, to assume Northlake's defense.

Northlake's claim that it was prejudiced appears to turn on its assertion that Perzan's reports to Townsend contained sensitive coverage information, which First Specialty used against Northlake in denying coverage.  (Doc. # 80, p. 13).  In other words, Northlake claims that it was prejudiced when its own attorney gave information to the insurance company's adjuster that the adjuster later used to justify a denial of coverage.  Northlake's claim seems to be that First Specialty's subsequent withdrawal from the case caused Northlake to suffer prejudice because Northlake no longer could depend on First Specialty to offer coverage.  This is not the sort of prejudice that the principles of estoppel and waiver are designed to counteract.  Estoppel and waiver would operate to protect Northlake if First Specialty had assumed and then abandoned Northlake's defense, causing Northlake prejudice in

6

its case against Dehay. Northlake has made no allegations that First Specialty's conduct prejudiced its case against Dehay; therefore, this Court must conclude that Northlake was not prejudiced by First Specialty's withdrawal.

## III. CONCLUSION

In the case at bar, Northlake has failed to demonstrate that First Specialty assumed its defense. Under Georgia law, where First Specialty filed no defensive pleadings on Northlake's behalf, and made mere promises to defend the company, First Specialty cannot be said to have assumed Northlake's defense. Moreover, even if Northlake could somehow show that First Specialty had assumed its defense, it has alleged nothing to support a claim of prejudice. Based on the foregoing, First Specialty's Motion in Limine on Estoppel (Doc. # 73) is granted, and Northlake is precluded from arguing estoppel at trial.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Petitioner's Motion in Limine on Estoppel (Doc. # 73) is hereby **GRANTED**.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this 12th day of October, 2005.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

7

Copies: All Counsel of Record

Copies: All Counsel of Record