```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION


FIRST SPECIALTY INSURANCE
CORPORATION,

                    Plaintiff,

vs.                                  Case No.   2:04-cv-461-FtM-33SPC

NORTHLAKE FOODS, INC., d/b/a/
Waffle House, and WILLIAM DUNN,

                    Defendants.
_____
```

**ORDER**

This matter comes before the Court on Petitioner First Specialty Insurance Co.'s Motion in Limine to Stay or Dismiss Northlake's Statutory Claim for Expenses of Litigation (Doc. # 74). Respondent has filed a Consolidated Memorandum in Opposition to Petitioner's Motion in Limine (Doc. # 80). Petitioner's motion was filed along with two other motions in limine (Docs. # 72 & 73), both of which the Court has granted. This Court had previously determined that the employer's liability exclusion in First Specialty's policy applied to bar coverage in the underlying action. (Doc. # 67). This Court's rulings on First Specialty's Motions in Limine on Duty to Defend and Estoppel, as well as its ruling on the employer's liability exclusion, establish that Northlake has failed to show an entitlement to recover damages; therefore, Northlake has no viable claim for recovery of attorney fees under O.C.G.A. § 13-6-1. See M&H Constr. Co. v. N. Fulton

1

Dev. Corp., 519 S.E.2d 287, 289 (Ga. Ct. App. 1999); Duffy v. Landings Ass'n, Inc., 563 S.E.2d 174, 177 (Ga. Ct. App. 2002).[1]

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Petitioner's Motion in Limine to Stay or Dismiss Northlake's Statutory Claim for Expenses of Litigation (Doc. # 74) is hereby **GRANTED**.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this 12th day of October, 2005.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

---

[1] Northlake concedes that "[d]etermination of [the issue of statutory damages] is . . . dependant upon resolution of the issues of duty to defend and estoppel . . . ." (Doc. # 80, p. 18).

2